UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANGELO CROSS                                                                                      PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:18-CV-245-GNS

CITY OF LOUISVILLE *et al.*                                                                 DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Angelo Cross filed this *pro se* civil action on a general complaint form. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the action will be dismissed.

## I. SUMMARY OF COMPLAINT

Plaintiff names two Defendants in this action – the "City of Louisville" and the "Louisville Police Department."

Plaintiff states that the basis for the Court's jurisdiction is "declaration of duty . . . hasslement declaration, and any bad all other crime that is done to me. I am mently disable so I don't know all the law."

Plaintiff then writes as follow:

My name is Angelo Cross for the last 20 yr. I have been assalted, hassles, rob, and every time the Police Dep. did not filled a complaint, or took out any paperwork on what happen, they till who assault me to go on, and till me to go him or I be lock up. Any crime against me they do nothing. They said my life don't matter. I call 911 to put it on record so every time it happen I know, on 4th St. Live last year it happen again and they did nothing. . . . The Police Dep. is to protect and sever. They are sworn to do a job and they fill that some people don't have to. I am a mently person and I am not trying to kill someone or myself. So can the court help me.

Plaintiff indicates that he is also seeking damages as relief.

## II. LEGAL STANDARD

On review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the

strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Plaintiff does not cite a recognizable constitutional provision or federal law as the basis for his claims. However, based on Plaintiff's allegations, the Court liberally construes the complaint as being brought pursuant to 42 U.S.C. § 1983.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Here, Plaintiff has failed to allege the violation of a right secured by the Constitution or any other federal law. Indeed, in *Parker v. Napoleon*, the Sixth Circuit held as follows:

> [T]he police have no affirmative due process duty to protect citizens against illegal private acts, *see Kallstrom v. City of Columbus*, 136 F.3d 1055, 1065 (6th Cir. 1998), and the state does not violate an individual's due process rights by failing to protect her from the criminal actions of a private actor. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1065 (6th Cir. 1994). The Due Process Clause does not bestow upon individuals an affirmative right to government aid, even when the aid may be necessary to secure the property interests of which the government itself did not deprive the individual. *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). The purpose of the Due Process Clause is to protect individuals from state actors, not to ensure that the state protects them from each other. *Soper v. Hoben*, 195 F.3d 845, 852 (6th Cir. 1999). Further, the failure of the police to investigate crimes against a person does not state a civil rights claim. *Sheets v. Mullins*, 287 F.3d 581, 590 (6th Cir. 2002).

46 F. App'x 298, 299 (6th Cir. 2002). Accordingly, the Court finds that Plaintiff's complaint fails to state a claim under § 1983.

In addition, because the claims over which this Court would have original jurisdiction are being dismissed, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be bringing. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). The state-law claims, therefore, will be dismissed without prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: April 23, 2018

**Greg N. Stivers, Judge
United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Jefferson County Attorney
4416.011

4